UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **STEPHEN BRADLEY, III** | **CIVIL ACTION NO. 5:12-cv-1596** |
| LA. DOC #105659 | |
| VS. | **SECTION P** |
| | **JUDGE S. MAURICE HICKS** |
| **WARDEN BURL CAIN** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

Pro se petitioner Stephen Bradley, III, an inmate in the custody of Louisiana's Department of Public Safety and Corrections, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on June 11, 2012. Petitioner attacks his conviction for manslaughter, his adjudication as a third felony offender, and the 35-year hard labor sentence imposed by Louisiana's First Judicial District Court, Caddo Parish, under Docket Number 172,931. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be deemed second and successive and **TRANSFERRED** to the United States Fifth Circuit Court of Appeals for further proceedings pursuant to 28 U.S.C. §2244.

*Background*

In 1995, petitioner was convicted of manslaughter, adjudicated a third felony offender, and sentenced to serve 35 years at hard labor without benefit of parole in the matter entitled *State of Louisiana vs. Stephen Bradley, III*, Docket Number 172,931 of the First Judicial District Court, Caddo Parish, Louisiana.

On October 12, 1999, he filed a petition for *habeas corpus* (28 U.S.C. §2254) attacking that conviction, adjudication, and sentence and raising the following grounds for relief: (1) ineffective assistance of counsel based on counsel's failure to investigate and establish the violent nature of the victim; (2) violation of the prohibition against *ex post facto* laws by allowing the State to use a prior offense that occurred beyond the "cleansing" period of Louisiana's habitual offender statute as it read prior to amendment; (3) excessive sentence; (4) ineffective assistance of trial and appellate counsel for failing to object to or appeal the excessive sentence. [*See Stephen Bradley, III v. Burl Cain, Warden*, Civil Action No. 5:99-cv-1863 at Doc. 1] On May 4, 2000, United States Magistrate Judge Roy Payne addressed the merits of the petition and recommended that it be dismissed with prejudice. [*Id*., Doc. 12] On June 26, 2000, United States District Judge Tom Stagg adopted the Report and Recommendation of the Magistrate Judge and entered judgment dismissing the petition with prejudice. [*Id*., Doc. 13] On July 27, 2000, Judge Stagg denied petitioner's request for a Certificate of Appealability (COA). [*Id*., Docs. 15, 16] On June 12, 2011, the Fifth Circuit Court of Appeals summarily denied the COA and affirmed the judgment of the District Court. *Bradley vs. Cain*, No. 00-30916. [See No. 5:99-cv-1863 at Doc. 18]

On January 31, 2011, petitioner filed pleadings in the First Judicial District Court complaining that his adjudication and sentencing as an habitual offender was improper. On March 1, 2011, his pleading was construed as an application for post-conviction relief and dismissed as time-barred by the 2-year limitations provision of La. C.Cr.P. art. 930.8. [Doc. 1-2, pp. 1-2] On May 5, 2011, the Second Circuit Court of Appeal granted writs and remanded to the district court for consideration of petitioner's illegal sentence claim. [*State of Louisiana v.*

*Stephen Bradley, III*, No. 46,566-KH at Doc. 1-2, pp. 3-5] On remand, the District Court addressed the merits of the illegal sentence claim and again denied relief on May 19, 2011. [*Id.*, pp. 6-7] Thereafter on July 29, 2011, the Second Circuit again granted writs in part having found that the sentence, insofar as it denied benefit of parole, was improper. The Court of Appeals denied writs "[i]n all other respects." *State of Louisiana v. Stephen Bradley, III*, No. 46,775-KH at Doc. 1-2, p. 8] On June 1, 2012, the Supreme Court denied writs, construing the pleading as an application for post-conviction relief which was time-barred by art. 930.8. *State ex rel. Stephen Bradley, III vs. State of Louisiana*, 2011-2278 (La. 6/1/2012). [Doc. 1-2, p. 9]

On June 12, 2012, petitioner filed the instant petition for writ of *habeas corpus* arguing the following claims for relief: (1) ineffective assistance of appellate counsel; (2) deficient bill of information; (3) insufficiency of the evidence; (4) constitutionally infirm jury instructions; and, (5) petitioner's commitment and sentence are illegal because he was wrongly adjudicated and sentenced pursuant to Louisiana's habitual offender statute. [Doc. 1]

*Law and Analysis*

Title 28 U.S.C. §2244(b)(3)(A) provides, "Before a second or successive application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." A *habeas corpus* petition is not second or successive simply because it follows an earlier federal petition. *In re Cain*, 137 F.3d 234, 235 (5th Cir.1998). However, the later petition is successive when it: "(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *Id.* Furthermore, the Fifth Circuit has determined that "an application filed after a previous application was fully adjudicated on the merits is a

3

second or successive application within the meaning of 28 U.S.C. §2244(b), even if it contains claims never before raised." *Graham v. Johnson*, 168 F.3d 762, 774 fn. 7 (5th Cir.1999) citing *Felker v. Turpin*, 518 U.S. 651, 655-58, 662-63, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996). Under this approach, the key issue is whether or not the first petition was adjudicated on the merits. Petitioner's first petition for *habeas corpus* was adjudicated on the merits and dismissed with prejudice. The claims raised in the instant petition could have been raised in his earlier petition. In other words, this petition is clearly successive.

Before a *habeas* petitioner may file a second or successive application in the district court, he must first obtain authorization from the United States Fifth Circuit Court of Appeals. 28 U.S.C. § 2244(b)(3)(A). A review of the Fifth Circuit's PACER case index reveals that petitioner has neither applied for nor received such authorization. Until such time as petitioner obtains authorization, this court is without jurisdiction to proceed. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir.1999); *United States v. Key*, 205 F.3d 773, 774 (5th Cir .2000); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir.2003).

In re Epps, 127 F.3d 364 (5th Cir.1997) outlines the procedure to be used when a district court determines that transfer of a successive *habeas corpus* petition to the Court of Appeals is appropriate. *Epps* does not mandate the transfer of successive *habeas corpus* petitions to the Fifth Circuit; it does, however, imply that transfer may be appropriate in some cases, and it adopts a procedure to be used when a successive petition filed without prior authorization is transferred to the court of appeals by the district court. *Id.* Transfer of this case is appropriate and authorized by 28 U.S.C. §1631 which provides in pertinent part, "Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the

interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed or noticed, and the action ... shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred." Section 2244(b) divests this Court of jurisdiction to consider petitioner's second and successive *habeas* petition until such time as the Court of Appeals authorizes such a filing.

Therefore,

**IT IS RECOMMENDED** that petitioner's second and successive petition for writ of *habeas corpus* be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. §1631 for further proceedings in accordance with the provisions of 28 U.S.C. § 2244(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

In Chambers, Monroe , Louisiana, September 17, 2012.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE